STATE OF NORTH DAKOTA EX REL. H. A. KIRKELIE as
  Resident, Citizen and Taxpayer of Burke County, North Dakota,
  Appellant, v. C. J. KOPRIVA, County Auditor of Burke County,
  North Dakota, J. L. Finke, County Judge of Burke County, North
  Dakota, and O. B. Stitt, Clerk of the District Court of Burke
  County, North Dakota, Constituting the Redistricting Board of
  Burke County, North Dakota, Respondents.

(194 N. W. 704.)

Counties — petition to redistrict counties into commissioner districts need
  not contain definite proposal of changes.

    1. A petition invoking the jurisdiction of the redistricting board, under § 3262
of the Compiled Laws of 1913, relating to redistricting of counties into com-
missioner districts, need not contain any definite proposal of changes.

Counties — word "congressman" in statute as to voters signing petition
  for redistricting into commissioner district construed to mean member
  of House of Representatives.

    2. The word "congressmen" in § 3262, used in connection with the require-
ment of the number of voters who must sign a petition, is construed to mean
a representative in the House of Representatives, and the number of votes cast
for such office is held to be the basis for determining the sufficiency of a
petition for redistricting.

Opinion filed July 11, 1923.

Counties, 15 C. J. § 42 p. 415 n. 33, 34.

Appeal from the District Court of Burke County, *Lowe*, J.
Affirmed.

*Fisk, Murphy & Nash*, for appellant.

There can be no doubt that the respondents in passing upon the
petition acted in a quasi-judicial character. That this will not be
tolerated. See; Cooley's Const. Lim. 7th ed. 592; Wash. Ins. Co.
v. Price, Hopk. Ch. 1.; Oakley v. Aspinwall, 3 N. Y. 547; Stockwell
v. Twp. Board, 22 Mich. 341; Vanderlip v. Derby (Neb.) 26 N. W.
707; Foster v. Frost, 41 N. W. 647; State v. Bradish, 95 Wis. 205,
70 N. W. 172; Rollins v. Connor, 74 N. H. 456, 60 Atl. 777; State v.
Board, 19 Wash. 8, 52 Pac. 317; Powell v. Egan, 42 Neb. 482, 60
N. W. 932; Rosenberg v. Rohrer, 83 Neb. 469, 120 N. W. 159; Wilcox
v. Supreme Council, 210 N. Y. 370, 104 N. E. 624.

"There is also a maxim of law regarding judicial action which may have an important bearing upon the constitutional validity of judgments in some cases. No one ought to be a judge in his own cause; and so inflexible and so manifestly just is this rule that Lord Coke has laid it down that 'even an act of Parliament made against natural equity as to making a man a judge in his own case, is void in itself.' This maxim applies in all cases where judicial functions are to be exercised and excludes all who are interested, however remotely, from taking part in their exercise." Cooley, Const. Lim. 7th ed. 594.

"And the principle that no judge of any court can sit as such in any cause in which he is a party or in which he is interested applies to such tribunal as town boards, school boards, county boards, etc." Oakley v. Aspinwall, 3 N. Y. 549.

"A petition for a license to A. and B. consisting of the requisite number of signers, was signed by a member of the city council by whom the petition was to be heard and presented to the city clerk. Upon the discovery that the signature of the councilman would disqualify him from acting on the application, his name was erased, the petition withdrawn, and another was filed asking for a license for B. alone, and which was not signed by the councilman. Held, that signing the first petition disqualified the councilman, and that the erasure of his name and the withdrawal of the petition did not remove the disqualification." Rosenberg v. Rohrer, 120 N. W. 159.

*E. R. Sinkler* and *G. O. Brekke,* for respondents.

"The decision of the board of county commissioners on the sufficiency of a petition for the removal of a county seat is final in the absence of a showing of fraud sufficient to vitiate such petition." Miller v. Norton, 22 N. D. 196; State v. Langlie, 5 N. D. 594.

"The canvass by the board to determine the result of an election held upon an order of the supervisors by a two-thirds vote, at a meeting when all the towns were represented to decide the question of removing a county seat, is conclusive." Hipp v. Charlevoix, supra (Mich.) 29 N. W. 77.

"The board of county commissioners having found that a certain petition for the organization of a civil township containing the requisite number of legal voters and having acted thereon by taking the necessary steps to organize such township, held that the question as to

the sufficiency of such petition is not open to judicial investigation in mandamus proceedings to compel the calling of an election for school officers in such township." State v. Gang, 10 N. D. 331; State v. Supervisors, 23 Minn. 521; Currie v. Paulson, 45 N. W. 852.

"The record of a trial court imports absolute verity." State v. Hopewell, 53 N. W. 990.

"The record of a justice's judgment in his docket must control and it cannot be contradicted by his return to a writ of certiorari." Weaver v. Lammon (Mich.) 28 N. W. 905.

"The rule under consideration also protects from contradiction or impeachment by parol or extrinsic evidence the official records or documents prepared and kept by public officers in the performance of their duties as such." 17 Cyc. 581.

"Certiorari will not lie to review alleged errors not going to the jurisdiction of the inferior court." State v. Crawford, 24 N. D. 8.

"The rule is well established that in certiorari proceedings the case is to be determined upon the record as it appears from the return of the writ and that matters outside the record will not be considered to ascertain whether the action of the inferior board or tribunal is warranted by the facts or not." State v. Costello (S. D.) 153 N. W. 910.

"The provisions of our revised statutes on this subject profess to be merely declaratory of universal principles of law, which make no distinction between the case of interest and that of relationship, both operating equally to disqualify a judge. Hence the statute declares, that no judge of any court can sit as such in any case to which he is a party or in which he is interested, or in which he would be disqualified from being a juror by reason of consanguinity or affinity to either of the parties." Oakley v. Aspinwall, 3 N. Y. 551; People v. De La Guerra, 24 Cal. 73; Sigurney v. Silbey, 32 Am. Dec. 248; Horton v. Howard, 44 N. W. 1112; People v. Connor, 142 N. Y. 130; Abrams v. State, 20 S. W. 987; Case v. Hoffman, 44 L.R.A. 728.

"At common law, while it was recognized that a judge who was interested in an action, or of kin to either party, was disqualified from sitting in the cause, his judgment was generally considered to be erroneous, and not void, so that the objection might be waived by the

party either expressly or impliedly." Sampson v. People (Ill.) 59 N. E. 427; Duquoin Water Works Co. v. Parks (Ill.) 69 N. E. 587.

"Under statutes which specify the causes of disqualifications but do not forbid a disqualified judge to act, the disqualification of a judge is not generally regarded as jurisdictional, and it may be waived either expressly or impliedly by the parties." 5 A.L.R. 1589; Coletrain v. Templeton, 45 C. C. A. 338; Morrow v. Watts, 95 S. W. 988;' Washington Fire Ins. Co. v. Hogan, 5 A.L.R. 1585; Eberville v. Ludvil Co. (Colo.) 64 Pac. 200; Nichols v. Berrick (Colo.) 62 Pac. 202; Kerr v. Burns (Colo.) 93 Pac. 1120; Stevens v. Hall, 69 Pac. 282; Goodrich v. Stangland (Ind.) 58 N. E. 148; Hargis v. Com. (Ky.) 123 S. W. 239; State v. Morgan (La.) 77 So. 588; Nimocks v. McGehee, 52 So. 626; State v. Donlan, 80 Pac. 244; State v. District Ct. 138 Pac. 1091; State v. District Ct. 148 Pac. 312; State v. Smith, 139 Pac. 60.

"A judge is not deprived of jurisdiction of a seat to compel a public officer to issue warrants for an extra statutory allowance, to another occupant of the same bench, the result of which will determine his own rights to a similar allowance, because of his interest, if there is no other judicial tribunal, to which the question can be presented." McCoy v. Hanvin, 153 N. W. 361.

"And where the Constitution makes the county court the sole judge of election contests, and the law makes no provisions for substituting another commissioner for one who is interested, such court is, by reason of the necessity of the case, bound to determine the election contest of one of the commissioners who may be interested in the case." Stafford v. County Ct. 51 S. E. 2.

BIRDZELL, J. This is an appeal from a judgment of dismissal in a certiorari proceeding which was brought to determine the validity of certain action of the redistricting board of Burke county. The facts are as follows: On September 27, 1922, there was filed in the office of the county auditor of Burke county a petition as follows:

"To the County Judge, County Auditor and Clerk of the District Court in and for Burke County, North Dakota:

"The undersigned representing more than twenty-five per cent of the legal voters of the county of Burke, as determined by the votes cast at the last preceding general election for congressman, and acting under

authority of Section 3262 of the 1913 Compiled Laws of North Dakota, hereby petition you as a board to change the boundaries of commissioners districts of the county of Burke so that the same shall be more reasonably equal in population."

This petition was signed by 795 names. Thereafter, on October 3, 1922, the county redistricting board met and adopted a resolution as follows:

"Whereas, a petition presented before this board representing more than 25 per cent of the legal voters of the county of Burke, as determined by the votes cast at the last preceding general election for congressman, and acting under authority of § 3262 of the 1913 Compiled Laws of North Dakota, and

"Whereas, said board is petitioned to change the boundaries of commissioners districts of the county of Burke so that the same shall be more reasonably equal in population, and

"Whereas, such petition was signed by 795 legal voters of said districts, which number is in excess of the 25 per cent of the total votes cast for congressman in said districts in the last general election, said total votes being 2,758;

"Therefore, be it resolved, that in compliance with said petition, said board redistrict said Burke county commissioners districts so that Richland township which is included in township 163, range 90, shall henceforth be included in the second commissioners district and removed from said first commissioners district, and that Dimond and Vanville townships be removed from the second commissioners district and included in the first commissioner's district, that as a result of said redistricting the first commissioners district, which had 1,282 votes in the general election in 1920 would be decreased to 1,165 votes. The second commissioners district which had 970 votes in the general election in 1920, would be increased to 1,087 votes and that the third commissioners district which had 1,131 votes in the general election of 1920 would remain unchanged."

Motion seconded by C. B. Stitt, clerk of court and carried, all members of the board voting aye.

C. J. Kopriva, County Auditor.
J. L. Finke, County Judge.
C. B. Stitt, Clerk of Court.

The statute under which the proceedings were had is §§ 3262 and 3263, Compiled Laws of 1913:

Sec. 3262. "The county judge, auditor and clerk of the district court of each county shall constitute a redistricting board with power to redistrict the commissioner districts in any county whenever 25 per cent of the legal voters of the county, as shall be determined by the votes cast at the last preceding general election for congressmen, shall petition said board to change the boundaries of the commissioner districts and file said petition with the county auditor. Within twenty days after the filing of said petition it shall be the duty of the county auditor to call a meeting of the redistricting board to consider such petition, and if it shall appear that the commissioner districts of such county are not reasonably equal in population or extent of territory they shall proceed at once to redistrict such county into commissioner districts."

Sec. 3263. "In redistricting any county it shall be the duty of the redistricting board to make the districts as regular and compact in form as practicable, and as equal in population as possible, as shall be determined by the vote cast at the last preceding general election, but no new district shall be so formed that any two of the then acting commissioners shall reside in the same district, and no county shall be redistricted oftener than once in five years."

Upon this appeal it is contended that the proceedings of the redistricting board are irregular and insufficient for the following reasons:

(1) That the petition is insufficient in that (a) it is indefinite and does not describe the new districts sought to be formed; (b) that there is not the required number of signers.

(2) That the board did not "consider" the petition as required by statute.

(3) That the board was without jurisdiction because it appeared that the districts, as then composed, were reasonably equal in population and extent of territory and were as regular and compact as practicable.

(4) That the action taken did not constitute a redistricting as required by § 3262.

These objections will be considered in the order stated. We are of the opinion that the statute does not require, a petition for definite changes. It rather contemplates an exercise of discretion by the board when its jurisdiction is properly invoked. Favorable action will be

taken when it appears to the board that the commissioner districts are not as reasonably equal in population or extent of territory as they can be made. In exercising its discretion the statute seems to contemplate that the board is not to be controlled or restricted by definite proposals, but that action shall be taken to the end that the districts be as regular and compact in form as practicable and as equal in population as possible.

The contention that there are not sufficient signers is based upon the provision in the statute requiring the number to be determined by the votes cast at the last preceding general election for congressmen. If the number be reckoned by the vote cast for representative in Congress, it is sufficient, but, if reckoned by the vote cast for United States Senator, it is insufficient. It is contended that, there being no such office as congressman and the term being equally applicable to a United States Senator and to a Representative in the House of Representatives, the statutory requirement is not met unless the petition contain names of voters equal to 25 per cent of the highest number of votes cast for an office the incumbent of which is in fact a member of Congress. The conclusive answer to this contention is that the statute prescribing this measure for determining the sufficiency of a petition was passed in 1901 (See chap. 54, Session Laws of 1901). At that time the voters did not vote upon the election of a United States Senator. This is conclusive as to the legislative intention manifested in the use of the word "congressmen."

We think the objection that the board did not "consider" the petition within the meaning of the statute is wholly without merit in view of the recitals in the resolution. They reflect a consideration of the comparative vote in the respective districts, and the action taken tends apparently to equalize existing disparities. This likewise answers the third objection.

To the objection that the action taken constituted merely annexation rather than redistricting, it need only be said that, in our opinion, redistricting, under § 3262, may properly be accomplished in this way if, in the judgment of the redistricting board, such is the practicable and feasible method of bringing about the result contemplated by the statute. The extent and character of changes to effect the statutory

result are matters that clearly lie within the discretion of the board and do not go to its jurisdiction primarily.

A further argument is advanced to the effect that members of the board had signed as petitioners and by so doing disqualified themselves to sit in judgment on the petition. This question was not presented in the court below and consequently we are not required to consider it upon appeal.

It follows from what has been said that the judgment appealed from must be affirmed. It is so ordered.

BRONSON, Ch. J., and CHRISTIANSON, NUESSLE, and JOHNSON, JJ., concur.